UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD JOHNSON INTERNATIONAL, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**JAY SHREE GANESH, LLC and BHARAT PATEL,**<br><br>*Defendants.* | Civil Action No. 17-4658<br><br>OPINION |

**THIS MATTER** comes before the Court on Plaintiff Howard Johnson International, Inc.'s ("Plaintiff" or "HJI") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Jay Shree Ganesh, LLC ("JSG") and Bharat Patel ("Patel" and, collectively with JSG, "Defendants"). ECF No. 9. For the reasons set forth below, the motion is **GRANTED.**

I. Background

This case centers on a franchise agreement between HJI and JSG for the operation of a 65-room Howard Johnson hotel (the "Facility") located in Statesboro, Georgia. Compl. ¶ 9. Plaintiff entered into the Franchise Agreement with Defendants and alleges that Defendants breached the agreement and are liable for damages resulting from the breach. Id. ¶¶ 22-23.

1

Under the franchise agreement, JSG was responsible for operating the Facility for a fifteen-year term. Id. ¶ 10. Further, JSG was required to make certain periodic payments to HJI ("Recurring Fees") under the franchise agreement. Id. ¶ 11. JSG agreed to be liable for interest at the rate of "1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid" on any past due amount payable to HJI. Id. ¶ 12. The Franchise Agreement required JSG to prepare and submit monthly reports disclosing revenue earned at the Facility to HJI for purposes of establishing the amount of royalties and other Recurring Fees due to HJI. Id. ¶ 13. JSG further agreed to keep accurate financial information and to allow HJI to audit this information. Id. ¶ 14.

Patel, the sole constituent member of JSG, provided HJI with a Guaranty of JSG's obligations under the agreement in which he agreed to "immediately make each payment and perform" each obligation of the agreement. Id. ¶¶ 3-4, 20. Patel also agreed to pay the costs HJI incurred "in enforcing its rights or remedies under the Guaranty or the Franchise Agreement." Id. ¶ 21.

HJI could terminate the agreement with notice to JSG if JSG either "(a) discontinued operating the Facility as a Howard Johnson® guest lodging establishment; and/or (b) lost possession or the right to possession of the Facility." Id. ¶ 15. If a termination of the agreement occurred, JSG agreed to pay liquidated damages to HJI at $1,000 for each guest room of the Facility. Id. ¶ 17. JSG also agreed that the "non-prevailing party would 'pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement . . . .'" Id. ¶ 18.

On or around October 27, 2016, JSG ceased to operate the Facility as a Howard Johnson® guest lodging facility. Id. ¶ 22. On December 22, 2016, HJI acknowledged JSG's alleged breach

and informed JSG of its requirement to pay HJI liquidated damages and all outstanding Recurring Fees within thirty days.  Id. ¶ 23.

Plaintiff filed the Complaint on June 26, 2017, alleging breach of the Franchise Agreement and seeking to recover outstanding Recurring Fees and liquidated damages.  ECF No. 1.  The Defendants failed to answer or otherwise respond to the Complaint.  On November 1, 2017, HJI petitioned the Clerk of the Court for an entry of default against JSG and Patel pursuant to Fed. R. Civ. P. 55(a).  ECF No. 7.  The Clerk of the Court entered default against both Defendants on November 14, 2017.  On January 12, 2018, HJI moved for entry of default judgment against both Defendants.  ECF No. 9.

**II.     Standard of Review**

Federal Rule of Civil Procedure 55(b)(2) authorizes the court to enter a default judgment against a properly served defendant who has failed to plead or otherwise defend the action in a timely manner.  Fed. R. Civ. P. 55(b)(2).  Before entering a default judgment the Court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) determine whether the Complaint sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.  See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. Legal Analysis

### A. Jurisdiction & Service

The Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. HJI is a corporation existing under the laws of Delaware and has its principal place of business in New Jersey. Compl. ¶ 1. JSG is a limited liability corporation with its principal place of business in Georgia. Id. ¶ 2. Patel is a resident of Georgia and the only constituent member of JSG. Id. ¶¶ 3-4. The amount in controversy exceeds $75,000 therefore establishing subject matter jurisdiction. Id. ¶ 5; 28 U.S.C. § 1332. The Court has personal jurisdiction based on the Franchise Agreement, pursuant to which all parties consented to the "non-exclusive personal jurisdiction of and venue" in New Jersey courts. Compl. ¶ 6; see Fed. R. Civ. P. (4)(k)(1)-(2).

The Federal Rules permit service on an individual or a corporation, partnership, or association by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1); see also Fed. R. Civ. P. 4(h)(1)(A). New Jersey law provides that if "despite diligent effort and inquiry personal service cannot be made" a plaintiff may serve a defendant by:

> mailing a copy of the summons and complaint by registered or certified mail, return receipt request, and, simultaneous, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode; . . . (3) a corporation, partnership or incorporated association that is

4

subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office.

N.J. Ct. R. 4:4-4(b)(1)(C).

Here, on July 12, 2017, HJI directed its third-party process server to effectuate personal service upon Defendants. Certification of Bryan P. Couch, Esq. ¶ 4, ECF 9.2 ("Couch Cert."). Despite diligent efforts made on HJI's behalf, the process server was unable to locate Defendants. Couch Cert. ¶ 5; see Affidavit of Diligent Efforts, ECF 9.2. On September 22, 2017, HJI served Defendants with the Summons and Complaint via regular and certified mail, return receipt requested. Couch Cert. ¶ 6. Thus, the Court finds that service of the Summons and Complaint was proper on Defendants.

**B. Liability**

In New Jersey, to establish a cause of action for breach of contract, a plaintiff must allege three elements: (1) a valid contract; (2) breach of that contract; and (3) damages resulting from that breach. AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). Here, HJI has alleged that a contractual relationship existed based on the Franchise Agreement and the Guaranty. Compl. ¶¶ 9-21. Further, HJI alleged that a breach of the contract occurred when JSG ceased to operate the Facility. Id. ¶ 22. Lastly, HJI suffered damages due to the breach. Id. Therefore, HJI has sufficiently alleged a cause of action for breach of contract.

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. See Doug Brady, Inc., 250 F.R.D. at 177. First, because Defendants failed to respond and based upon the facts alleged in the Complaint, the Court concludes

Defendants have no meritorious defense. See U.S. Small Business Admin. v. Silver Creek Const. LLC, No. 13-6044, 2014 WL 3920489, at *5 (D.N.J. Aug. 11, 2014). Second, the Court finds HJI will suffer prejudice absent an entry of default judgment, as it will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not individuals presently engaged in military service. See id.; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006).

**C. Monetary Damages**

While the facts alleged in the Complaint are taken as true in determining the Defendants' liability, HJI must prove damages. See Comdyne I, 908 F.2d at 1149. Where the damages can be made certain by computation, inquiry into extrinsic evidence is unnecessary. See id. Upon reviewing the Franchise Agreement, the Guaranty, and the Affidavit of Suzanne Fenimore ("Fenimore Aff."), the Court is satisfied that HJI's requests for Recurring Fees and liquidated damages can be made certain by formulas specified in the Franchise Agreement. Therefore, proof of these sums requires only computation.

Here, HJI seeks a judgment in the amount of $117,614.21. Fenimore Aff. ¶ 27. This total amount consists of (1) $43,499.33 in overdue Recurring Fees, inclusive of interest, (2) $61,000 in liquidated damages, and (3) $13,114.88 in prejudgment interest on the liquidated damages. See id. ¶¶ 18, 25-26; id. Exs. E-F. HJI proved it is entitled to the Recurring Fees by providing an itemized statement of the overdue amounts and corresponding interest as set forth in the Franchise Agreement, for a total of $43,499.33. See Fenimore Aff. Ex. E. Liquidated damages are to be paid upon termination of the agreement in a sum of $1,000 for each of the 61 guest rooms JSG was authorized to operate at the time of termination, plus interest. Compl. ¶¶ 16-17, 32. "No

6

further evidence is required to substantiate this amount." Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC, No. 06-1581, 2007 WL 1674485, at *6 (D.N.J. June 8, 2007). The Franchise Agreement sets the interest rate on both overdue Recurring Fees and liquidated damages at 1.5% per month. Fenimore Aff. ¶¶ 18, 26. The total amount of interest due on the liquidated damages is $13,114.88. See id. ¶ 26.

The combination of the overdue Recurring Fees, the liquidated damages, and the prejudgment interest equals the damages HJI requests. Therefore, HJI is entitled to default judgment in the total amount of $117,614.21.

**IV. Conclusion**

For the reasons stated above, Plaintiff's motion for default judgment is **GRANTED**. An appropriate order accompanies this opinion.

Dated: August 22, 2018

                                                 */s Madeline Cox Arleo*
                                                 **MADELINE COX ARLEO**
                                                 **United States District Judge**